UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60173-CR-COHN

UNITED STATES OF AMERICA,

vs.

FELIMON GUILLEN,
a/k/a "Mexican Ben,"

                    Defendant.
_____/

**PLEA AGREEMENT**

The United States of America and FELIMON GUILLEN (hereinafter referred to as the "defendant") enter into the following agreement:

1.      The defendant agrees to plead guilty to the Indictment, which charges the defendant did, on or about June 27 and 28, 2013, knowingly and intentionally possess with intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers and salts of its isomers; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

2.      The defendant and the United States agree and stipulate that the amount of methamphetamine that should be used to determine the base offense level is 686 grams.

3.      The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain

circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph one (1) and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4.      The defendant understands and agrees that the court must impose for the offense of conviction a mandatory minimum term of imprisonment of ten (10) years and may impose a statutory maximum term of up to life imprisonment, followed by a term of supervised release between five (5) years' and life, and may impose a fine of up to $10,000,000.00.

5.      The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph four (4) of this agreement, a special assessment in the amount of $100.00 will be imposed and must be paid prior to sentencing in this matter.

6.      The United States agrees that it will recommend at sentencing that the court reduce by three (3) levels the offense level applicable to the defendant's offense if the defendant makes a timely recognition and affirmative acceptance of personal responsibility, pursuant to Section 3E1.1 of the Sentencing Guidelines. However, the United States will not be required to make this recommendation should the defendant:  (1) fail or refuse to make a full, accurate and complete disclosure of the circumstances surrounding the relevant offense conduct; (2) misrepresent facts to the government prior

to entering the plea agreement; or (3) commit any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making a false statement or misrepresentation to any governmental entity or official.

7.      The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that, pursuant to Section 5C1.2 of the Sentencing Guidelines, the court impose a sentence within the sentencing guideline range without regard to any statutory minimum sentence identified in paragraph four (4) above, if:

(a)      the defendant is found not to have more than one criminal history point, as determined under the Sentencing Guidelines;

(b)      the defendant is found not to have used violence or threats of violence, or to have possessed a firearm or other dangerous weapon in connection with the offense;

(c)      the offense did not result in death or serious bodily injury to any person;

(d)      the defendant is found not to have been an organizer, leader, manager or supervisor of others in the offense, used a special skill during the commission of the offense, or is subject to any other upward departure based upon the facts of the instant case; and,

(e)      the defendant has provided to the United States, prior to sentencing, a statement truthfully setting forth all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan as charged in the indictment.

8.      The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; and (b) appearing at such grand jury proceedings, hearings, trials, and other judicial

proceedings, and at meetings, as may be required by this Office. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

9.      This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

10.      The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the government. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

11.      The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement,

the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291.  However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights.  By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

12.     Pursuant to Title 28, United States Code, Section 2461, Title 21, United States Code, Section 853, and Title 18, United States Code, Section 924(d)(1), the defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to ten thousand dollars in United States currency ($10,000.00) seized by law enforcement from the defendant on June 28, 2013.

13.     The defendant is aware that the sentence has not yet been determined by the court.  The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court.  The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety.  The defendant understands and acknowledges, that he may not withdraw his plea based upon the court's

decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

14.     This is the entire agreement and understanding between the United States and the defendant. There are no other agreements or understandings between the parties.

                                Respectfully submitted,

                                WIFREDO A. FERRER
                                UNITED STATES ATTORNEY

Date: 8/28/13                   By: _Donald F Chase II_
                                DONALD F. CHASE, II
                                ASSISTANT UNITED STATES ATTORNEY

Date: 8/28/13                   By: _Beresford Cole_
                                BERESFORD A. LANDERS, JR.
                                ATTORNEY FOR THE DEFENDANT

Date: 8/28/13                   By: _____
                                FELIMON GUILLEN
                                DEFENDANT